No. 29,637.

W. H. VERNON and J. S. VERNON, *Appellees,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS, *Appellant.*

(294 Pac. 871.)

Opinion filed January 10, 1931.

*John A. Etling,* county attorney, and *A. L. Moffat,* of Kinsley, for the appellant.

*W. H. Vernon* and *J. S. Vernon,* both of Larned, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs brought this action against the board of county commissioners of Edwards county to recover compensation for services rendered as attorneys in a second trial of D. C. Munford, who was charged with manslaughter in the first degree. Judgment was given for plaintiffs in the amount of $700, and the defendant appeals.

The county attorney, it appears, desired assistance in the prosecution of Munford, and an arrangement was made that plaintiffs should be appointed to assist in the prosecution. As to fees to be paid, the complaining witness agreed to pay $450 for the trial and the county was to pay $250 towards it, making $700 in all. The plaintiffs were appointed by the judge of the district court to assist the county attorney, without any direct negotiations with the com-

missioners in respect to employment, and dealt only with the county attorney and the district judge. After the appointment they aided in the prosecution throughout the first trial which resulted in a disagreement of the jury. At the end of the first trial the $250 pledged by the county was paid to plaintiffs. It appears there was some hesitation and doubt as to whether there should be a second trial of Munford, but ultimately the county attorney decided to try him again. The county commissioners indicated that they did not wish to obligate the county for any assistance in a second trial. When a second trial was determined upon the matter of assistance was brought again to the district judge, whereupon the court authorized the plaintiffs to assist in the further prosecution of the case. It was tried to a conclusion of acquittal, and when plaintiffs presented their bill to the county commissioners for the additional services it was rejected. When plaintiffs were first employed nothing was said about fees for a second trial, the county attorney stated that in his negotiations with the plaintiffs he never contemplated or thought of a second trial, and at that time nothing was said about it by plaintiffs. The county commissioners met the proposal of an allowance to plaintiffs for the second trial with a statement to and reported by the county attorney that they—

"Don't care about seeing the case tried again and feel that they have done all that they should be called upon to do since the case has been tried one time. They told me that if I thought it should be tried again that I was welcome to go ahead and try it, but that I would have to do so alone so far as any assistance from them was concerned."

The contention is that there can be no liability against the county for the legal services rendered in the absence of a contract with the county commissioners, and that no contract having been made by the board with plaintiff no recovery could be had against the county. The right to compensation for legal services in assisting the county attorney in the prosecution does not depend on the consent of or a contract with the board. The legislature has made a special provision for assistance to the county attorney in cases where it is deemed necessary by the court or judge. In 1903 the following provisions were enacted:

"In any criminal prosecution in any county having less than ten thousand inhabitants, the prosecuting witness may apply to the court or judge thereof for the appointment of an attorney or attorneys to assist the county attorney, and the court or judge shall, if he deems it proper, appoint some suitable

attorney or attorneys therefor, causing a record of such appointment to be made upon the journal of the court where such prosecution is pending." (R. S. 19-718.)

"Upon the close of such prosecution, such assistant attorney or attorneys shall present to the board of county commissioners a certified copy of such record of such appointment, together with an affidavit setting forth in detail the duties performed under such appointment, and it shall be the duty of said board to allow a reasonable compensation therefor and issue a warrant for the sum allowed, to be paid by the county treasurer out of the general revenue fund." (R. S. 19-719.)

Evidently the legislature, in the public interest and the better enforcement of the law, determined not to leave the matter of assistance to the county attorney entirely to the will of the county commissioners, but enacted the provisions quoted leaving certain cases to the discretion and judgment of the district court or the judge thereof as to the necessity of assistance and the attorneys to be appointed. This was followed by the provision that when the work was done and a proper showing made of the appointment and the services rendered, the duty was incumbent on the board to allow reasonable compensation to the appointees and to issue a warrant therefor. The discretion and control in the matter of necessity for assistance and of appointment in such cases is not with the commissioners but is lodged with the court or judge, and when exercised and services rendered under the appointment compensation must be allowed. There was no agreement, as we have seen, with the commissioners as to fees in either the first or second trial. They did contribute a part of the fee for the first trial, the remaining and principal part being contributed by the complaining witness, and when the matter of compensation for the second trial was presented they positively refused an allowance. In this action the trial court determined that plaintiffs had not been paid for services other than was paid for the first trial and were entitled to compensation for their services in the second trial. There was abundant evidence to show that no more than a reasonable award was made for the services rendered in the trial, which it appears occupied a week, besides services rendered in conferences with the county attorney and witnesses preparatory to the trial.

No other material questions are presented for review, and discovering no error in the record, the judgment will be affirmed. It is so ordered.